UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| (1) MICROUNITY SYSTEMS ENGINEERING, | § | |
| INC., a California Corporation | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2-05CV-505-LED |
| (1) SONY COMPUTER ENTERTAINMENT | § | |
| AMERICA, INC., a Delaware | § | JURY |
| Corporation | § | |
| Defendant. | § | |

**SONY COMPUTER ENTERTAINMENT AMERICA, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO
MICROUNITY SYSTEMS ENGINEERING INC.'S ORIGINAL COMPLAINT**

Defendant Sony Computer Entertainment America, Inc. ("SCEA") files the following

Answer to the Complaint for Patent Infringement ("Complaint") of Plaintiff MicroUnity Systems

Engineering, Inc. ("MicroUnity") pursuant to the Court's Order dated January 17, 2006.

**THE PARTIES**

1.      SCEA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1.

2.      This Court has dismissed Sony Corporation of America, Inc. as a defendant in this

case in the Order dated February 1, 2006, and therefore no response is required.

3.      SCEA admits that Sony Computer Entertainment America, Inc. is a Delaware

corporation.

4.      "SCEA" refers to Sony Computer Entertainment America, Inc., the only

defendant in this case.  SCEA interprets Paragraph 4 and the remainder of the Complaint as

pertaining only to SCEA.

## JURISDICTION AND VENUE

5.      SCEA admits that the Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 1331 *et seq.*, and SCEA admits that United States District Courts have exclusive jurisdiction over actions for patent infringement under 28 U.S.C. § 1338(a).  SCEA does not contest personal jurisdiction and venue in this case.  SCEA denies each of the remaining allegations of Paragraph 5.

6.      SCEA admits that this case involves some of the same patents involved in prior action MicroUnity Systems Engineering, Inc. v. Dell, Inc., and Intel Corporation, Case No. 2-04CV-120.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6.

## U.S. PATENT NO. 5,742,840

7.      SCEA admits that, on its face, U.S. Patent No. 5,742,840 ("the '840 patent") has an issue date of April 21, 1998, is entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit A purports to be a copy of the '840 patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '840 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 7.

8.      SCEA denies the allegations of Paragraph 8.

9.      SCEA denies the allegations of Paragraph 9.

10.     SCEA denies the allegations of Paragraph 10.

## U.S. PATENT NO. 5,794,060

11.     SCEA admits that, on its face, U.S. Patent No. 5,794,060 ("the '060 patent") has an issue date of August 11, 1998, is entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit B purports to be a copy of the '060 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '060 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 11.

12.     SCEA denies the allegations of Paragraph 12.

13.     SCEA denies the allegations of Paragraph 13.

14.     SCEA denies the allegations of Paragraph 14.

## U.S. PATENT NO. 5,794,061

15.     SCEA admits that, on its face, U.S. Patent No. 5,794,061 ("the '061 patent") has an issue date of August 11, 1998, is entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit C purports to be a copy of the '061 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '061 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 15.

16.     SCEA denies the allegations of Paragraph 16.

17.     SCEA denies the allegations of Paragraph 17.

18.     SCEA denies the allegations of Paragraph 18.

## U.S. PATENT NO. 5,809,321

19.     SCEA admits that, on its face, U.S. Patent No. 5,809,321 ("the '321 patent") has an issue date of September 15, 1998, is entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit D purports to be a copy of the '321 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '321 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 19.

20.     SCEA denies the allegations of Paragraph 20.

21.     SCEA denies the allegations of Paragraph 21.

22.     SCEA denies the allegations of Paragraph 22.

## U.S. PATENT NO. 6,643,765 B1

23.     SCEA admits that, on its face, U.S. Patent No. 6,643,765 B1 ("the '765 patent") has an issue date of November 4, 2003, is entitled "Programmable Processor With Group Floating Point Operations," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit E purports to be a copy of the '765 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '765 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 23.

24.     SCEA denies the allegations of Paragraph 24.

25.      SCEA denies the allegations of Paragraph 25.

26.      SCEA denies the allegations of Paragraph 26.

**U.S. PATENT NO. 6,725,356 B2**

27.      SCEA admits that, on its face, U.S. Patent No. 6,725,356 B2 ("the '356 patent") has an issue date of April 20, 2004, is entitled "System With Wide Operand Architecture, And Method," lists Craig Hansen and John Moussouris as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit F purports to be a copy of the '356 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '356 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 27.

28.      SCEA denies the allegations of Paragraph 28.

29.      SCEA denies the allegations of Paragraph 29.

30.      SCEA denies the allegations of Paragraph 30.

**U.S. PATENT NO. 5,630,096**

31.      SCEA admits that, on its face, U.S. Patent No. 5,630,096 ("the '096 patent") has an issue date of May 13, 1997, is entitled "Controller For A Synchronous DRAM That Maximizes Throughput By Allowing Memory Requests And Commands To Be Issued Out Of Order," lists William K. Zuravleff, and Timothy Robinson, as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit G purports to be a copy of the '096 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '096 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 31.

32.     SCEA denies the allegations of Paragraph 32.

33.     SCEA denies the allegations of Paragraph 33.

34.     SCEA denies the allegations of Paragraph 34.

### U.S. PATENT NO. 5,737,547

35.     SCEA admits that, on its face, U.S. Patent No. 5,737,547 ("the '547 patent") has an issue date of April 7, 1998, is entitled "System For Placing Entries Of An Outstanding Processor Request Into A Free Pool After The Request Is Accepted By A Corresponding Peripheral Device," lists William K. Zuravleff, Mark Semmelmeyer, Timothy Robinson, and Scott Furman as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit H purports to be a copy of the '547 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '547 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 35.

36.     SCEA denies the allegations of Paragraph 36.

37.     SCEA denies the allegations of Paragraph 37.

38.     SCEA denies the allegations of Paragraph 38.

### U.S. PATENT NO. 5,812,799

39.     SCEA admits that, on its face, U.S. Patent No. 5,812,799 ("the '799 patent") has an issue date of September 22, 1998, is entitled "Non-Blocking Load Buffer And A Multiple-Priority Memory System For Real-Time Multiprocessing," lists William K. Zuravleff, Mark Semmelmeyer, Timothy Robinson, and Scott Furman as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit I purports to be a copy of the '799 Patent.  SCEA is without knowledge or information sufficient to form a belief

as to the truth of the allegation that all rights and interest in the '799 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 39.

40.    SCEA denies the allegations of Paragraph 40.

41.    SCEA denies the allegations of Paragraph 41.

42.    SCEA denies the allegations of Paragraph 42.

## U.S. PATENT NO. 5,867,735

43.    SCEA admits that, on its face, U.S. Patent No. 5,867,735 ("the '735 patent") has an issue date of February 2, 1999, is entitled "Method For Storing Prioritized Memory Or I/O Transactions In Queues Having One Priority Level Less Without Changing The Priority When Space Available In The Corresponding Queues Exceed," lists William K. Zuravleff, Mark Semmelmeyer, Timothy Robinson, and Scott Furman as inventors, and lists "Microunity Systems Engineering, Inc." as assignee.  SCEA further admits that Exhibit J purports to be a copy of the '735 Patent.  SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegation that all rights and interest in the '735 patent have been assigned to MicroUnity, and therefore denies the allegation.  SCEA denies the remaining allegations of Paragraph 43.

44.    SCEA denies the allegations of Paragraph 44.

45.    SCEA denies the allegations of Paragraph 45.

46.    SCEA denies the allegations of Paragraph 46.

## JURY DEMAND

47.    SCEA does not object to a trial by jury on all issues so triable, but otherwise objects to MicroUnity's demand for a jury trial on "all issues."

## PRAYER FOR RELIEF

SCEA denies that MicroUnity is entitled to any of the relief prayed for in its Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, SCEA alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

48.     Upon information and belief, at least some claims of the '840, '060, '061, '321, '765, '356, '096, '547, '799, and/or '735 patents (collectively, "the Asserted Patents") are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code and Title 37, Code of Federal Regulations.

## SECOND AFFIRMATIVE DEFENSE

49.     Upon information and belief, SCEA has not infringed and is not infringing (either literally or under the doctrine of equivalents) any claims of the Asserted Patents directly, contributorily, or by inducement.

## THIRD AFFIRMATIVE DEFENSE

50.     Upon information and belief, MicroUnity's remedies under the Asserted Patents are barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

51.     Upon information and belief, MicroUnity is barred from seeking equitable relief from the Court by the doctrine of unclean hands because of its assertion of patents known to be invalid and/or unenforceable.

## FIFTH AFFIRMATIVE DEFENSE

52.     Upon information and belief, any alleged damages are partially or fully barred by 35 U.S.C. § 287.

## COUNTERCLAIMS

SCEA asserts the following counterclaims:

### THE PARTIES

53.     Counterclaim-Plaintiff SCEA is a corporation organized under the laws of the State of Delaware, with a principal place of business in Foster City, California.

54.     MicroUnity states in Paragraph 1 of its Complaint that it is a corporation organized under the laws of the State of California.

### JURISDICTION AND VENUE

55.     Upon information and belief, MicroUnity resides in California and in this judicial district for purposes of 28 U.S.C. § 1391.

56.     There is an actual controversy between SCEA and MicroUnity regarding invalidity, unenforceability, and noninfringement of the Asserted Patents because MicroUnity has asserted that SCEA infringes those patents.

57.     Upon information and belief, venue in this judicial district for the following counterclaim of SCEA is proper because MicroUnity has consented to this venue by asserting and filing claims of patent infringement against SCEA.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

58.     This counterclaim states a claim arising under the patent laws and antitrust laws of the United States, and is an action for declaratory judgment of patent invalidity, unenforceability, and noninfringement under 28 U.S.C. §§ 2201 and 1338(a).

59.     Upon information and belief, SCEA has not infringed and is not infringing any of the Asserted Patents, directly, contributorily, or by inducement.

60.     Upon information and belief, at least some claims of the Asserted Patents are

invalid for failure to meet the requirements of one or more sections of Title 35, United States Code and Title 37, Code of Federal Regulations.  Seven of the ten Asserted Patents are currently under reexamination proceedings at the U.S. Patent and Trademark Office ("PTO") because there are substantial new questions of patentability as to those patents.

61.     Upon information and belief, the Asserted Patents are unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code and Title 37, Code of Federal Regulations.

62.     Upon information and belief, one or more persons substantively involved in the prosecution of the '060 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, Applicants did not disclose any of the references cited under "OTHER PUBLICATIONS" in the parent '840 patent, during prosecution of the '060 patent.  Those references were material to the examination of the '060 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

63.     Upon information and belief, one or more persons substantively involved in the prosecution of the '061 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, Applicants did not disclose any of the references cited under "OTHER PUBLICATIONS" in the parent '840 patent, during prosecution of the '061 patent.  Those references were material to the examination of the '061 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

64.     Upon information and belief, one or more persons substantively involved in the prosecution of the '321 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, Applicants did not disclose any of the references cited under "OTHER PUBLICATIONS" in the parent '840 patent, during

prosecution of the '321 patent.  Those references were material to the examination of the '321 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

65.     Upon information and belief, one or more persons substantively involved in the prosecution of the '765 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, Applicants did not disclose any of the references cited in the parent '599 patent, during prosecution of the '765 patent.  These references were material to the examination of the '765 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

66.     Upon information and belief, one or more persons substantively involved in the prosecution of the '356 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, Applicants did not disclose several of the references cited in the parent '599 patent, during prosecution of the '765 patent.  These references were material to the examination of the '765 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

67.     Upon information and belief, one or more persons substantively involved in the prosecution of the '356 patent committed inequitable conduct by withholding one or more references with the intent to deceive the PTO.  In particular, although the '765 and '356 patent applications were copending and shared a common specification, Applicants did not disclose several of the references cited in the '765 patent, during prosecution of the '356 patent.  Those references were material to the examination of the '356 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

68.     Upon information and belief, one or more persons substantively involved in the prosecution of the '765 patent committed inequitable conduct by withholding one or more

references with the intent to deceive the PTO.  In particular, although the '765 and '356 patent applications were copending and shared a common specification, Applicants did not disclose several of the references cited in the '356 patent, during prosecution of the '765 patent.  Those references were material to the examination of the '765 patent, and upon information and belief, were withheld from the PTO with an intent to deceive.

69.     Upon information and belief, one or more persons substantively involved in the prosecution of the '096 patent committed inequitable conduct by withholding material portions of a reference with the intent to deceive the PTO.  In particular, Applicants disclosed only the cover page and pages 33 and 37 of the Micron Semiconductor, Inc. Spec Sheet MT48LC2M8S1 (1993) ("Micron Spec Sheet") to the PTO.  As detailed above, Micron data sheets for this SDRAM part disclosed the concept by which commands that do not involve data transfer are overlapped with commands that involve data transfer to increase SDRAM memory request throughput.  The portions of the Micron Spec Sheet withheld by applicants disclosed that concept.

70.     Additionally, one or more persons substantively involved in the prosecution of the '096 patent committed inequitable conduct by failing to disclose to the PTO literature containing numerous algorithms for maximizing throughput.  In particular, one or more of the alleged inventors of the '096 patent knew that the literature contained numerous algorithms for maximizing throughput, but did not disclose the literature to the PTO.  Those algorithms, and the literature containing them, were material to the examination, and upon information and belief, were withheld from the PTO with an intent to deceive.

**PRAYER FOR RELIEF**

WHEREFORE, SCEA prays for a final judgment against MicroUnity and respectfully

requests the following relief:

A.    A judgment that the Complaint be dismissed with prejudice;

B.    A judgment that SCEA has not infringed, induced the infringement, or
      contributed to the infringement of the claims of the Asserted Patents;

C.    A judgment that the claims of the Asserted Patents are invalid and unenforceable;

D.    A judgment under 35 U.S.C. § 285 awarding SCEA its costs and reasonable
      attorney fees incurred in this action; and

E.    A judgment awarding SCEA such other and further relief as the Court deems just
      and proper.

### JURY DEMAND

SCEA demands a trial by jury on all of its claims, defenses, and counterclaims so triable.

Dated:  February 14, 2006          Respectfully submitted,


                                   */s/ Melvin R. Wilcox, III*
                                   Melvin R. Wilcox, III
                                   Lead Attorney
                                   State Bar No. 21454800
                                   WILSON, SHEEHY, KNOWLES,
                                      ROBERTSON & CORNELIUS, P.C.
                                   P.O. Box 7339
                                   Tyler, Texas 75711
                                   (903) 509-5000
                                   (903) 509-5091 (facsimile)
                                   mrw@wilsonlawfirm.com

                                   ATTORNEYS FOR DEFENDANT
                                   SONY COMPUTER ENTERTAINMENT AMERICA,
                                   INC.

Of Counsel:

Esther H. Lim *(Pro Hac Vice)*
esther.lim@finnegan.com
Christopher T. Blackford *(Pro Hac Vice)*
christopher.blackford@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

Venkatesh B. Krishnamoorthy *(Pro Hac Vice)*
venk.krishnamoorthy@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Ave.
Palo Alto, California 94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

ATTORNEYS FOR DEFENDANT
SONY COMPUTER ENTERTAINMENT AMERICA,
INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service on this the 14th day of February 2006.  Local Rule CV-5(a)(3)(A).

*/s/ Melvin R. Wilcox, III*
Melvin R. Wilcox, III