IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., a California corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:05-CV-505 (TJW) |
| SONY COMPUTER ENTERTAINMENT AMERICA INC., a Delaware corporation, | § § § | JURY |
| Defendant. | § § | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MICROUNITY SYSTEMS ENGINEERING, INC. for its complaint against Defendant SONY COMPUTER ENTERTAINMENT AMERICA INC., alleges:

### THE PARTIES

1.      MicroUnity Systems Engineering, Inc. ("MicroUnity") is a corporation duly organized and existing under the laws of the State of California.

2.      MicroUnity is informed and believes, and on that basis alleges, that Defendant Sony Computer Entertainment America Inc. ("Sony") is a corporation duly organized and existing under the laws of the state of Delaware.

### JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Sony has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling MicroUnity to relief.

4.     This case is related to, and involves some of the same patents involved in prior action, *MicroUnity Systems Engineering, Inc. v. Intel Corporation and Dell, Inc.*, C.A. No. 2-04CV-120, filed in the United States District Court for the Eastern District of Texas, Marshall Division.

## INFRINGEMENT OF U.S. PATENT NO. 5,742,840

5.     On April 21, 1998, United States Patent No. 5,742,840 (the "'840 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor." MicroUnity was assigned the '840 patent and continues to hold all rights and interest in the '840 patent.  A true and correct copy of the '840 patent is attached hereto as Exhibit A.

6.     Sony has infringed and continues to infringe the '840 patent by its manufacture, use, sale, importation, and/or offer for sale of its PlayStation 2 game console ("PS2"), PlayStation 3 game console ("PS3"), and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products.  Sony is liable for its infringement of the '840 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

7.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '840 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

8.     Upon information and belief, Sony's infringement of the '840 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,794,060

9.      On August 11, 1998 United States Patent No. 5,794,060 (the "'060 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor."   MicroUnity was assigned the '060 patent and continues to hold all rights and interest in the '060 patent.  A true and correct copy of the '060 patent is attached hereto as Exhibit B.

10.      Sony has infringed and continues to infringe the '060 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, software for the PS2, games for the PS2, PS3, software for the PS3, games for the PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '060 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

11.      Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '060 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

12.      Upon information and belief, Sony's infringement of the '060 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,794,061

13.      On August 11, 1998 United States Patent No. 5,794,061 (the "'061 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor."   MicroUnity was assigned the '061 patent and

continues to hold all rights and interest in the '061 patent.  A true and correct copy of the '061 patent is attached hereto as Exhibit C.

14.     Sony has infringed and continues to infringe the '061 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, PS3, PSP, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products.  Sony is liable for its infringement of the '061 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

15.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '061 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

16.     Upon information and belief, Sony's infringement of the '061 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 5,809,321

17.     On September 15, 1998 United States Patent No. 5,809,321 (the "'321 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor."  MicroUnity was assigned the '321 patent and continues to hold all rights and interest in the '321 patent.  A true and correct copy of the '321 patent is attached hereto as Exhibit D.

18.     Sony has infringed and continues to infringe the '321 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, PS3, and other products, and its contributing

to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '321 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

19.    Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial. Sony's infringement of MicroUnity's exclusive rights under the '321 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

20.    Upon information and belief, Sony's infringement of the '321 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,643,765 B1

21.    On November 4, 2003 United States Patent No. 6,643,765 B1 (the "'765 patent") was duly and legally issued for an invention entitled "Programmable Processor with Group Floating Point Operations." MicroUnity was assigned the '765 patent and continues to hold all rights and interest in the '765 patent. A true and correct copy of the '765 patent is attached hereto as Exhibit E.

22.    Sony has infringed and continues to infringe the '765 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, PS3, PSP, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '765 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

23.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '765 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

24.     Upon information and belief, Sony's infringement of the '765 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 6,725,356 B2**

25.     On August 11, 1998 United States Patent No. 6,725,356 B2 (the "'356 patent") was duly and legally issued for an invention entitled "System with Wide Operand Architecture, and Method."  MicroUnity was assigned the '356 patent and continues to hold all rights and interest in the '356 patent.  A true and correct copy of the '356 patent is attached hereto as Exhibit F.

26.     Sony has infringed and continues to infringe the '356 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, software for the PS2, games for the PS2, PS3, software for the PS3, games for the PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '356 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

27.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '356 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

28.     Upon information and belief, Sony's infringement of the '356 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 5,630,096

29.     On May 13, 1997 United States Patent No. 5,630,096 (the "'096 patent") was duly and legally issued for an invention entitled "Controller for a Synchronous DRAM that Maximizes Throughput by Allowing Memory Requests and Commands to Be Issued out of Order." MicroUnity was assigned the '096 patent and continues to hold all rights and interest in the '096 patent.  A true and correct copy of the '096 patent is attached hereto as Exhibit G.

30.     Sony has infringed and continues to infringe the '096 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, software for the PS2, games for the PS2, PS3, software for the PS3, games for the PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '096 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

31.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '096 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

32.     Upon information and belief, Sony's infringement of the '096 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,737,547

33.      On April 7, 1998 United States Patent No. 5,737,547 (the "'547 patent") was duly and legally issued for an invention entitled "System for Placing Entries of an Outstanding Processor Request into a Free Pool After the Request Is Accepted by a Corresponding Peripheral Device." MicroUnity was assigned the '547 patent and continues to hold all rights and interest in the '547 patent. A true and correct copy of the '547 patent is attached hereto as Exhibit H.

34.      Sony has infringed and continues to infringe the '547 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '547 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

35.      Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial. Sony's infringement of MicroUnity's exclusive rights under the '547 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

36.      Upon information and belief, Sony's infringement of the '547 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,812,799

37.      On September 22, 1998 United States Patent No. 5,812,799 (the "'799 patent") was duly and legally issued for an invention entitled "Non-blocking Load Buffer and a Multiple-Priority Memory System for Real-Time Multiprocessing." MicroUnity was assigned the '799

patent and continues to hold all rights and interest in the '799 patent. A true and correct copy of the '799 patent is attached hereto as Exhibit I.

38.     Sony has infringed and continues to infringe the '799 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, software for the PS2, games for the PS2, PS3, software for the PS3, games for the PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '799 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

39.     Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial. Sony's infringement of MicroUnity's exclusive rights under the '799 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

40.     Upon information and belief, Sony's infringement of the '799 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 5,867,735

41.     On February 2, 1999 United States Patent No. 5,867,735 (the "'735 patent") was duly and legally issued for an invention entitled "Method for Storing Prioritized Memory or I/O Transactions in Queues Having One Priority Level Less Without Changing the Priority When Space Available in the Corresponding Queues Exceed." MicroUnity was assigned the '735 patent and continues to hold all rights and interest in the '735 patent. A true and correct copy of the '735 patent is attached hereto as Exhibit J.

42.    Sony has infringed and continues to infringe the '735 patent by its manufacture, use, sale, importation, and/or offer for sale of the PS2, software for the PS2, games for the PS2, PS3, software for the PS3, games for the PS3, and other products, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale the infringing products. Sony is liable for its infringement of the '735 patent pursuant to 35 U.S.C. § 271, except to the extent licensed as a customer of Intel products under licenses granted to Intel Corporation.

43.    Sony's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Sony the damages sustained by MicroUnity as a result of Sony's wrongful acts in an amount subject to proof at trial.  Sony's infringement of MicroUnity's exclusive rights under the '735 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

44.    Upon information and belief, Sony's infringement of the '735 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

45.    MicroUnity demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MicroUnity Systems Engineering, Inc., requests entry of judgment in its favor and against Sony as follows:

a)    Declaration that Sony has infringed U.S. Patent Nos. 5,742,840; 5,794,060; 5,794,061; 5,809,321; 6,643,765 B1; 6,725,356 B2; 5,630,096; 5,737,547; 5,812,799; and 5,867,735;

b)    Permanently enjoining Sony and its respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement, and/or

inducing infringement of U.S. Patent Nos. 5,742,840; 5,794,060; 5,794,061; 5,809,321; 6,643,765 B1; 6,725,356 B2; 5,630,096; 5,737,547; 5,812,799; and 5,867,735;

c)      Awarding the damages arising out of Sony's infringement of U.S. Patent Nos. 5,742,840; 5,794,060; 5,794,061; 5,809,321; 6,643,765 B1; 6,725,356 B2; 5,630,096; 5,737,547; 5,812,799; and 5,867,735, including enhanced damages pursuant to 35 U.S.C. § 284, to MicroUnity Systems Engineering, Inc., together with prejudgment and post-judgment interest, in an amount according to proof;

d)      An award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)      For such other costs and further relief as the Court may deem just and proper.

DATED: January 25, 2007                    Respectfully Submitted,

                                           */s/ Stephen D. Susman by permission Elizabeth L. DeRieux*
                                           Stephen D. Susman, Attorney-in-Charge
                                           State Bar No. 1952100
                                           ssusman@susmangodfrey.com
                                           Max L. Tribble, Jr.
                                           State Bar No. 20213950
                                           mtribble@susmangodfrey.com
                                           Joseph S. Grinstein
                                           State Bar No. 24002188
                                           jgrinstein@susmangodfrey.com
                                           Kathryn P Hoek
                                           State Bar No. 219247 (California)
                                           khoek@susmangodfrey.com
                                           Brooke Ashley-May Taylor
                                           State Bar No. 33190 (Washington)
                                           btaylor@susmangodfrey.com
                                           SUSMAN GODFREY L.L.P.
                                           1000 Louisiana Street, Suite 5100
                                           Houston, Texas 77002
                                           Telephone:  (713) 651-9366
                                           Facsimile:  (713) 654-6666

Otis W. Carroll, Jr.
fedserv@icklaw.com
IRELAND CARROLL & KELLEY, PC
6101 S Broadway
Suite 500
Tyler, TX 75703
903/561-1600
Fax: 9035811071

Franklin Jones, Jr
State Bar No. 00000055
maizieh@millerfirm.com
JONES & JONES, INC. P.C.
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
(903) 938-4395
Fax: (903) 938-3360

Sidney Calvin Capshaw
State Bar No. 03783900
ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@mailbmc.com
BROWN MCCARROLL, LLP
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75601-5157
(903) 236-9800
Fax: (903) 236-8787

Michael F. Heim
State Bar No. 09380923
mheim@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Attorneys for MICROUNITY SYSTEMS
ENGINEERING, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 25th day of January, 2007 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux